UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVORY PAYNES,<br><br>        Plaintiff,<br>  v.<br><br>GLORIA WOODS, professionally known as GloRilla, ANTONIO ANDERSON, JR, professionally known as MACARONI TONI, UNIVERSAL MUSIC GROUP, INC, COLLECTIVE MUSIC GROUP, LLC, WARNER CHAPPELL MUSIC, INC, SONY/ATV MUSIC PUBLISHING, LLC and ARTIST PUBLISHING GROUP, LLC<br><br>        Defendants. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Comes now, Plaintiff, Ivory Paynes, by and through its his counsel of record herein, for its complaint against Defendants, and each of them, alleges as follow:

### INTRODUCTION

1. This is a civil action for the infringement of registered copyrights in violation of The U.S. Copyright Act brought by the Plaintiff, Ivory Paynes, (hereinafter referred to as "Plaintiff"), to recover compensatory, statutory, and punitive damages as a result of the Defendants' unauthorized exploitation of the copyrighted musical works of Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1332, 1338 and 17 U.S.C. 101, et seq as this action is based upon federal copyright law.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and 1400(a) as a substantial part of the events giving rise to this claim occurred in this district. Defendants regularly conduct business in the State of Louisiana and substantial acts of infringement have occurred in this district. Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and marketing of musical recordings to Louisiana residents and Louisiana residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants.

## PARTIES

4. Plaintiff, Ivory Paynes, is a person of the full age and majority and domiciled in the Parish of Jefferson, State of Louisiana.

5. Defendant Gloria Woods, professionally and collectively known as "GloRilla" is an individual, who, upon information and belief, is a citizen of the State of Tennessee.

6. Defendant Antonio Anderson, Sr, professionally known as "Macaroni Toni," is an individual, who, upon information and belief, is a citizen of State of Tennessee.

7. Upon information and belief, Defendant Universal Music Group, Inc, is an active corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Universal Music Group, Inc does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

8. Upon information and belief, Collective Music Group, LLC is an active limited liability corporation organized and existing pursuant to the laws of the State of Tennessee. Plaintiff is informed and believes, and thereupon alleges, that Collective Music Group,

LLC does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

9. Defendant Warner Chappell Music, Inc, is an active corporation, organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Warner Chappell Music, Inc does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

10. Defendant Sony/ATV Music Publishing, LLC is a limited liability corporation organized and existing pursuant to the laws of the State of Tennessee. Plaintiff is informed and believes, and thereupon alleges, that Sony/ATV Music Publishing, LLC does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

11. Defendant Artist Publishing Group, LLC is a limited liability corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed and believes, and thereupon alleges, that Artist Publishing Group, LLC does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

**FACTS**

12. In or about 1994, Plaintiff authored the sound recording and musical composition entitled "Street of Westbank." Plaintiff's "Street of Westbank" was recorded and released as part of the Dog House Posse's album "Dope Gets No Heavier." Plaintiff's "Street of Westbank" and "Dope Gets No Heavier" were wholly original and is registered with the U.S. Copyright Office, Registration Number SRu1-301-832. "Dope Gets No Heavier" and "Street of Westbank" were first published in 1994 on cassettes, compact

discs. In or about 2017, Plaintiff republished and redistributed the sound recording, "Street of Westbank," by and through releasing the subject sound recording on all major music streaming platforms and digital music outlets.

13. The Plaintiff is the sole owner of the copyright registered for "Street of Westbank," and is the sole author of the master, sound recordings, musical composition, and lyrics for the subject song.

14. Defendants used unauthorized samples of "Street of Westbank" in their sound recordings, "Tomorrow" and "Tomorrow 2" each of which was released by defendants as singles for Defendant Woods.

15. The Plaintiff did not authorize the defendants' reproduction, distribution, public performance of the sound recording, or creation of an unauthorized derivative work of "Tomorrow" and "Tomorrow 2."

16. Defendants do not have any rights to reproduce, distribute, publicly perform, or create derivative works of samples of "Street of Westbank" in the sound recordings "Tomorrow" and "Tomorrow 2."

17. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "Tomorrow" and "Tomorrow 2." The infringing works, "Tomorrow" and "Tomorrow 2," misappropriates key protected elements of "Street of Westbank," including without limitation its musical arrangements, percussion tracks, synthesized orchestration, including but not limited to piano, cello, violin, contrabass, and drum set, and tone and melody. Moreover, "Tomorrow" and "Tomorrow 2" mimic and copy the arrangement of "Street of Westbank" by the choice of the instrumentation accompanying the rap lyrics, the

choice of when the instruments drop out and reenter and what instruments drop in and reenter.

18. Defendants, without authority have willfully copied and sampled many protected elements of the Plaintiff's copyrights and further infringed upon those copyrights by acts of reproduction, distribution, publish, display, and unauthorized creation of derivative works.

## FIRST CLAIM FOR RELIEF

**(Copyright infringement of "Street of Westbank" into the sound recordings, "Tomorrow" and "Tomorrow 2" against all defendants)**

19. Plaintiff repeats and re-alleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Plaintiff is the owner of the copyright in the sound recording, musical composition and lyrics of "Street of Westbank." Plaintiff's copyright of "Street of Westbank" was registered with the U.S. Copyright Office and bears Registration no. SRu1-301-832.

21. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's  "Street of Westbank" by among other things: a) preparing unauthorized derivatives of Plaintiff's  ""Street of Westbank"  in the form of "Tomorrow" and "Tomorrow 2;" b) reproducing copyrighted elements of the Plaintiff's  "Street of Westbank"  in "Tomorrow" and "Tomorrow 2;" c) distributing copies of "Tomorrow" and "Tomorrow 2," which contains copyrighted elements of Plaintiff's  "Street of Westbank" and d) publishing, displaying, selling and licensing copies of "Tomorrow" and "Tomorrow

2," which contains copyrighted elements of Plaintiff's "Street of Westbank" Defendants never paid Plaintiff, nor secured the authorization for the use of "Street of Westbank" in "Tomorrow" and "Tomorrow 2."

22. Moreover, without authorization or permission from Plaintiff, Defendants sampled and copied Plaintiff's "Street of Westbank" in purporting to author the sound recording and composition, "Tomorrow" and "Tomorrow 2." Defendants have published, manufactured, distributed, sold and licensed copies of "Tomorrow" and "Tomorrow 2." Defendants never paid Plaintiff, nor secured the authorization for the use of "Street of Westbank" in "Tomorrow" and "Tomorrow 2."

23. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "Tomorrow" and "Tomorrow 2." The infringing works, "Tomorrow" and "Tomorrow 2" misappropriates key protected elements of "Street of Westbank" including without limitation its musical arrangements, percussion tracks, synthesized orchestration, including but not limited to piano, cello, violin, contrabass, and drum set, and tone and melody. Moreover, "Tomorrow" and "Tomorrow 2" mimic and copy the arrangement of "Street of Westbank" by the choice of the instrumentation accompanying the rap lyrics, the choice of when the instruments drop out and reenter and what instruments drop in and reenter.

24. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

25. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiff's rights. Therefore, the Plaintiff is entitled to statutory damages.

26. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

a) For actual damages according to proof at trial;

b) For Defendants' profits in an amount according to proof at trial or, at its election;

c) For statutory damages per infringement pursuant to 17 U.S.C. 504.

d) For an accounting in connection with Defendants' unauthorized use of the infringing works;

e) For attorney's fees pursuant to 17 U.S.C. 504;

f) For costs of suit incurred;

g) For interest, prejudgment interest and post-judgment interest according to proof at trial;

h) For compensatory damages

i) For attorney fees

j) Any such other or further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above matter.

Dated: April 19, 2023

Respectfully submitted,

/s/DASHAWN HAYES
DaShawn Hayes (LA State Bar #34204)
The Hayes Law Firm, PLC
1100 Poydras St., Ste 1530
New Orleans, LA 70163
PH: 504-799-0374
FAX: 504-799-0375
dphayesesquire@gmail.com
Attorneys for Plaintiff

**WAIVER OF SERVICE REQUESTED**