UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVORY PAYNES,<br>                Plaintiff,<br><br>       v.<br><br>GLORIA WOODS, professionally known as<br>GloRilla, et al.<br>                Defendants. | CIVIL ACTION NO:<br>2:23-CV-01308-GGG-DPC<br><br>SECTION T    DIVISION 2<br><br>JUDGE:<br>GREG G. GUIDRY<br><br>MAGISTRATE JUDGE:<br>DONNA PHILLIPS CURRAULT |

## ORDER AND REASONS

The Court has before it a Motion to Dismiss filed by each defendant in this action: Artist Publishing Group, LLC, R. Doc. 46; Antonio Anderson, Jr., R. Doc. 47; Sony/ATV Music Publishing LLC, UMG Recordings Inc., and W Chappell Music Corp., R. Doc. 48; and Gloria Woods (collectively, "Defendants"), R. Doc. 49. Plaintiff Ivory Paynes opposes the Motions, R. Doc. 54, and Defendants have filed reply memoranda, R. Docs. 66; 67; 68; 69. Paynes also moves the Court to allow him to conduct limited jurisdictional discovery before ruling on the Motions to Dismiss. R. Doc. 53.  Defendants oppose jurisdictional discovery, R. Docs. 61; 62; 63; 64, and Paynes has filed a reply memorandum in support of this request, R. Doc. 65. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT Defendants' Motions to Dismiss and DENY Paynes's Motion for Jurisdictional Discovery.

I.       DISCUSSION AND ANALYSIS

In this copyright infringement action, Paynes alleges Defendants produced, published, and distributed songs "Tomorrow" and "Tomorrow 2" containing unauthorized samples and

1

copyrighted elements of song "Street of the Westbank." R. Doc. 35. Paynes asserts he is the sole

copyright owner of "Street of the Westbank" and seeks damages for this alleged infringement. *Id.*

Defendants move the Court to dismiss Paynes's claims against them on several grounds, including

for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). R. Docs. 46-

1; 47-1; 48-1; 49-1.

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power

of the court bears the burden of proving that jurisdiction exists." *Luv N' care, Ltd. v. Insta-Mix,*

*Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir. 1982)).

At this stage, the plaintiff must establish only a *prima facie* case for his assertion that the federal

district court can exercise personal jurisdiction over the defendant to defeat its motion to dismiss.

*Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Seiferth v.*

*Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006)). In determining whether the

plaintiff has established such a *prima facie* case, the district court must "take all uncontroverted

allegations in the complaint as true and resolve any conflicts in the plaintiff's favor." *AR Factoring,*

*LLC v. Commonwealth Applied Silica Techs., LLC*, 2020 WL 360509, at \*2 (E.D. La. Jan. 22,

2020) (citing *Luv N' care*, 438 F.3d at 469). However, the court is not required "to credit

conclusory allegations, even if uncontroverted[,]" *Panda Brandywine Corp. v. Potomac Elec.*

*Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001), and is not limited to the pleadings, but "may

consider the contents of the record at the time of the motion[.]" *Sangha v. Navig8 ShipManagement*

*Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (quoting *Paz v. Brush Engineered Materials, Inc.*, 445

F.3d 809, 812 (5th Cir. 2006)).

"Personal jurisdiction is 'an essential element of the jurisdiction of a district court, without

which the court is powerless to proceed to an adjudication.'" *Zaldivar v. Transunion, Inc.*, 2020

WL 5804289, at *1 (E.D. La. Sept. 29, 2020) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). A federal court may exercise personal jurisdiction over a non-resident defendant only if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution. *Id.* (citing *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999)). Accordingly, because "Louisiana['s] long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process[,]" *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 367 (5th Cir. 2010), to determine whether it can assert personal jurisdiction over Defendants the Court must simply "determine if subjecting [Defendants] to suit in Louisiana would offend the Due Process Clause of the 14th Amendment." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

"The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Luv N' care*, 438 F.3d at 469 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)). Personal jurisdiction can be general or specific. *Id.* "Where a defendant has 'continuous and systematic general business contacts' with the forum state, the court may exercise 'general' jurisdiction over any action brought against that defendant." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15 n.9 (1984)). However, if the defendant's contacts with the forum state are less pervasive, the court may still exercise "specific" jurisdiction over that defendant in a particular action without violating due process if certain requirements are met. *Id.* (quoting *id.* at 414 n.8).

The exercise of specific jurisdiction requires that "the defendant must have 'purposefully directed' his activities at the residents of the forum, and the litigation must result from alleged

3

injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts" *Rudzewicz*, 471 U.S. at 475. To this end, the Fifth Circuit has articulated three questions a district court must consider in addressing whether it may constitutionally assert specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020) (quoting *Helicopteros*, 472 F.3d at 271). If the plaintiff successfully satisfies the first two prongs of this inquiry, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Helicopteros*, 472 F.3d at 271 (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)).

Here, Defendants argue this Court can assert over them neither general jurisdiction nor specific jurisdiction. R. Docs. 46-1 at 9–15; 47-1 at 5–13; 48-1 at 14–22; 49-1 at 5–11. Although Paynes asserted in his complaint that the corporate Defendants do "substantial, continuous and systemic business in the state of Louisiana[,]" R. Doc. 35 at 2–3, in opposition to the instant Motions to Dismiss he makes no argument that this Court has general jurisdiction over Defendants. *See* R. Doc. 54. Thus, the Court must consider only whether it can assert specific personal jurisdiction over Defendants in relation to this action.

4

Although having been permitted to amend his complaint twice, Paynes makes no factual allegations supporting this Court's exercise of specific personal jurisdiction that are specific to any individual defendant. *See* R. Doc. 35. Paynes merely asserts Defendants generally "have directed their activities and marketing of musical recordings to Louisiana residents and Louisiana residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants." *Id.* at 2. In support of this assertion, Paynes alleges Defendants distributed the allegedly infringing works "in the State of Louisiana, United States and worldwide for streaming on all major streaming services" and online download, and thus the allegedly infringing works were "available for consumer use[] in Louisiana[.]" *Id.* at 5–6. Paynes argues these assertions are sufficient to support the Court's exercise of specific jurisdiction over Defendants because "Defendants placed the infringing works into the stream of commerce, which includes the Eastern District of Louisiana, [so] they have purposely availed themselves of the privilege of conducting business in this district." R. Doc. 54 at 9.

Another section of this Court recently rejected essentially the same "stream of commerce" argument in a similar copyright infringement action. In *Fernandez v. Jagger*, the court considered the musician plaintiff's argument that the defendants, members of the band the Rolling Stones, were subject to its specific jurisdiction because they had placed allegedly infringing musical works into the general stream of commerce "including the Eastern District of Louisiana[.]" 2023 WL 6880431, at *4 (E.D. La. Oct. 18, 2023). The court held this factual allegation to be insufficient to support its exercise of specific jurisdiction over the defendants, reasoning that broad, worldwide distribution of an alleging infringing work "with no special emphasis on this District" demonstrates at most a "highly attenuated" connection between the subject matter of the plaintiff's suit—i.e., the defendants' alleged violation of his copyright—and this District as a forum for that dispute. *Id.*

(relying on *Ham v. La Cienega Music Co.*, 4 F.3d 413, 416 (5th Cir. 1993) (distinguishing product liability cases holding a party's placement of a product in the general stream of commerce, including a specific forum, may support the exercise of personal jurisdiction over the party in that forum to affirm the dismissal of a copyright infringement action for lack of personal jurisdiction where the plaintiff had "demonstrated at best a highly attenuated relationship" between his claim and the defendants' distribution of music in plaintiff's chosen forum)). The *Fernandez* court explained that "[t]he mere fact that people in [the Eastern District of Louisiana can] listen to the Rolling Stones or the [allegedly infringing work] does not permit this Court to wield specific jurisdiction over the defendants as the resolution of the underlying copyright issue has no bearing on" any contacts defendants may have had with the forum. *Id.* (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 265 (2017) ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.")). In other words, the *Fernandez* court held a defendant simply making an allegedly infringing work available worldwide via the internet, without more, does not constitute "purposeful availment" of a *particular* forum from which the plaintiff's cause of action regarding the alleged infringement can arise or result. *See, e.g.*, *Helicopteros*, 472 F.3d at 271.

Although nonbinding, the Court finds the *Fernandez* court's reasoning persuasive and compelling. To hold that a defendant to a copyright infringement action has "purposefully availed itself of the privileges of conducting activities" in a particular forum by making the allegedly infringing work available for worldwide internet download by consumers such that the plaintiff's cause of action "arises out of or results from" that ostensible contact with the forum would result in the necessary conclusion that such a defendant would be subject to specific personal jurisdiction in *any* forum. This conclusion is in plain contradiction with the due process requirement that "no

6

federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state[,]" *Luv N' care*, 438 F.3d at 469, and would result in defendants being "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts" in violation of the 14th Amendment. *Rudzewicz*, 471 U.S. at 475. Accordingly, Paynes's allegation that Defendants distributed the allegedly infringing works "in the State of Louisiana, United States and worldwide" via the internet is insufficient to carry his burden to establish a *prima facie* case that this Court may assert specific personal jurisdiction over Defendants in this action. *See* R. Doc. 35

Should it so conclude, Paynes moves the Court to allow him to conduct jurisdictional discovery into Defendants prior to dismissing his claims so that he might bolster his position with additional jurisdictional facts he hopes to uncover. R. Doc. 53-1. As the party opposing dismissal and requesting discovery, Paynes bears the burden of demonstrating the necessity of jurisdictional discovery. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citing *Davila v. United States,* 713 F.3d 248, 264 (5th Cir. 2013)). "The Fifth Circuit has suggested that a plaintiff need only to present 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts,'" to carry this burden. *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, 2011 WL 651999, at *6 (E.D. La. Feb. 10, 2011) (citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). But "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt*, 686 F.2d at 284. Thus, a plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand" the motion to dismiss. *Freeman v. United States,* 556 F.3d 326, 342 (5th Cir. 2009).

Here, Paynes argues jurisdictional discovery "would reveal that all defendants have sufficient contacts with Louisiana to support a finding of personal jurisdiction" because it might reveal, for example, "any contracts the Defendants had with vendors in Louisiana to distribute and/or publish the infringing works or any musical works, any marketing the Defendants directed toward Louisiana for the publication and distribution of the infringing works or any musical works of the Defendants . . . [or] any documents illustrating that the musical works created, published and distributed by the Defendants were consumed by residents of Louisiana[.]" R. Doc. 65 at 2. However, "discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises [material] issues of fact." *Sinclair v. StudioCanal, S.A.*, 709 F. Supp. 2d 496, 510 (E.D. La. 2010) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). In this case, each Defendant has submitted a sworn affidavit that it has no such contacts with Louisiana. *See* R. Docs. 46-4; 47-8; 48-2–4; 49-3. Paynes has provided no factual support whatsoever for his speculation that discovery would uncover additional relevant contacts, or that additional contacts even exist, and the Court need not accept Paynes's unsubstantiated assertion that they might. *See 721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 600 (E.D. La. 2015) (denying plaintiff's request for jurisdictional discovery prior to granting defendant's motion to dismiss for lack of personal jurisdiction because defendant had "produced evidence that it operates entirely outside of Louisiana and that it has made no transactions with Louisiana residents" and plaintiff had "not identified any evidence that might rebut [defendant]'s evidence of its lack of contacts or raise an issue of fact regarding personal jurisdiction"); *Sinclair*, 709 F. Supp. 2d at 510 (denying plaintiff's request for jurisdictional discovery prior to granting defendant's motion to dismiss for lack of personal jurisdiction because defendant had submitted a declaration that it had no contacts with Louisiana and plaintiff had "failed to point out a genuine

issue of fact material to the personal jurisdiction inquiry"). In the face of the uncontested record evidence that Defendants do not have the requisite contacts with Louisiana to subject them to personal jurisdiction in this Court, Paynes has failed to carry his burden to make "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" is support of his request for jurisdictional discovery. *See Blessey*, 2011 WL 651999, at *6. Because "the record shows that [Paynes]'s requested discovery is not likely to produce the facts needed to withstand" the motion to dismiss, Paynes is not entitled to jurisdictional discovery. *See Freeman*, 556 F.3d at 342. The Court lacks personal jurisdiction over Defendants and this suit must be dismissed.

## II.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motions to Dismiss, R. Docs. 46; 47; 48; 49; are **GRANTED** and Paynes's claims raised against them in this action are hereby **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that Paynes's Motion for Jurisdictional Discovery, R. Doc. 53, is **DENIED**.

New Orleans, Louisiana, this 1st day of March, 2024.

_____
Greg Gerard Guidry
United States District Judge